### SALLY B. CHASE *vs.* ASA WOODBURY.

The owner of land made a mortgage thereof, and subsequently conveyed one un divided half of the land to S., and the other half to R., by deeds executed at the same time, the former of which was forthwith recorded.    S. conveyed his half

by deed duly recorded to C., after which R. put his deed on record, and died C., having become the assignee of the mortgage, brought an action for foreclosure against the original mortgagor, and against S. as administrator of R., and recovered a conditional judgment, which was satisfied by W., who had purchased R.'s interest in the land, pending the suit for foreclosure. It was held, that C. could maintain a writ of entry against W. to recover one undivided half of the land, without contributing towards the payment of the mortgage.

THIS was a real action to recover seizin and possession of one undivided half of a certain farm in Sutton, and was submitted to the court upon the following agreed statement of facts : —

Nathaniel Sibley, on the 10th of May, 1825, being then the owner of the whole farm, made a mortgage thereof to Darius Russell, to secure the payment of $1000 and interest.

On the 21st of April, 1836, Nathaniel Sibley, for a valuable consideration, conveyed one undivided half of the farm by a warranty deed, to his son Sylvester Sibley. On the same day, he conveyed to his son Reuben Sibley the other undivided half of the farm, by a deed of warranty, containing various trusts and stipulations, not necessary to be particularly stated, for allowing the grantor and his wife a part of the produce of the farm, and a support and maintenance thereon during their lives. The deed to Sylvester was duly recorded at or soon after the time of its execution. The deed to Reuben was not recorded until the 14th of November, 1840.

On the 29th of May, 1838, Sylvester Sibley, for a valuable consideration, and by a deed with warranty, recorded on the next day, conveyed his undivided half of the farm to the den andant.

Reuben Sibley died in February, 1846. Sylvester Sibley was appointed administrator of his estate; and under a license from the probate court, sold and conveyed, on the 6th of January, 1847, all Reuben's interest in the farm to the tenant, for the sum of one dollar.

On the 29th of May, 1846, Darius Russell, the mortgagee, having died, his administratrix assigned the mortgage to the demandant, who, on the 11th of August following, commenced an action for possession under the same, against Nathaniel Sibley and Sylvester Sibley. On the 17th of March,

1847, the demandant recovered judgment for possession, unless the tenants in the action, or their heirs or assigns, should pay the demandant the sum of $1531.50, the sum due on the mortgage, with the costs of suit; which sums the tenant in the present action thereupon paid.

If the court should be of opinion, that the demandant is entitled to recover without contributing towards payment of the mortgage, judgment is to be rendered in her favor, with costs; otherwise judgment is to be rendered for the tenant.

*R. Newton,* for the demandant.

*C. Allen,* for the tenant.

SHAW, C. J.   This is a real action brought to recover one undivided half of a farm in Sutton, and comes before the court on an agreed statement of facts.

By the case it appears that Nathaniel Sibley, owning the whole farm, mortgaged the same on the 10th of May, 1825, to one Darius Russell, for $2500.

This mortgage being outstanding, April 21st, 1836, Nathaniel Sibley, for a valuable consideration and by deed of warranty, conveyed one half of the farm to his son Sylvester Sibley.   In May, 1838, Sylvester, for a valuable consideration, conveyed his moiety of the estate to the demandant.

This makes a *primâ facie* case for the demandant.   The tenant does not deny the demandant's right to recover, on some terms, but insists on his right to hold the estate, until the demandant shall pay or offer to pay a proportional part of a mortgage, paid by the tenant in full, and which the tenant insists was paid for the common relief and benefit of the demandant and himself.   This opens the other part of the case, from which it appears, that on the same day on which Nathaniel Sibley conveyed to his son Sylvester, April 21st, 1836, he also gave a deed, with warranty, of the other moiety of the same farm, to his son Reuben, upon the terms therein expressed, the most important of which were, to allow his father and mother a part of the produce of the farm, and to support and maintain them during their lives.   This deed was not recorded till 1840, after the conveyance by Sylvester Sibley to the demandant.

Reuben Sibley died in February, 1846. Sylvester adminis·
tered on his estate, and under a license duly obtained, sold to
the tenant in January, 1847, all the interest of Reuben in one
half of the farm.

It further appears, that in May, 1846, Sally B. Chase, the
demandant, obtained of the administrator of Darius Russell
an assignment of his mortgage, and thereupon brought her
action on the mortgage against Nathaniel Sibley, the original
mortgagor, and Sylvester Sibley, the administrator of Reuben,
and in March, 1847, recovered a conditional judgment thereon
for $1531.50, which sum, with interest and costs, the tenant
Woodbury paid. It is for one half of this sum that the tenant
claims contribution, on the ground, that the mortgage in ques-
tion was an incumbrance on the whole estate, as well that
which Nathaniel conveyed to Sylvester, and which came to
the demandant, as that which he conveyed on the same day
to his son Reuben, and which has come to the tenant.

A doubt was suggested, whether this question could pro-
perly arise in a suit at law on the title; but as both parties
desired an opinion, and as it occurred to the court, that if the
tenant had such right to a contribution, we should probably
suspend judgment in this case, to give him time to bring his
bill in equity, we have thought it best to waive the question
of jurisdiction. The question, therefore, is, whether the tenant
has a title in equity to the contribution claimed.

The general rule undoubtedly is, that where the estates of
two or more persons are subject to a common incumbrance, to
the performance of some debt or duty common to both, and
one pays the whole for the benefit of both, he shall have a
right to hold the whole of the estate, thus redeemed, until the
other party shall pay an equitable proportion of the sum paid
for the common benefit. *Gibson* v. *Crehore,* 5 Pick. 146. The
demandant denies this liability to contribute: 1st, Because
she has priority of title; and 2d, Because Nathaniel's deed to
Reuben was qualified and restricted by various trusts and sti-
pulations, and not made for a valuable consideration.

It will be observed, that after the making of both of these
deeds, Nathaniel, the father, remained liable for the payment

of the mortgage, and had he paid it, he would have been enti tled to no contribution from either. So, had he made his deed to Sylvester of one half, remaining himself owner of the other half, though the whole estate remained bound to the mort- gagee, had Nathaniel, the mortgagor, redeemed the remaining half by paying the whole mortgage, he would have had no con- tribution. So, any other person, claiming merely Nathaniel's title and interest, on redeeming, could have no contribution. Nathaniel, or the person claiming only his interest, would have only paid his own debt; and although such payment would *de facto* discharge Sylvester's moiety from an incum- brance, it would be done because Nathaniel was bound to do it, and he could have no contribution. But, in fact, these deeds bear date the same day ; there is nothing in the terms ,of either which makes it subject to the other; and *primâ facie* therefore they were in fact simultaneous, and both were subject to the whole mortgage.

But Reuben did not put his deed on record till 1840, and in the mean time Sylvester conveyed to the demandant in 1838. Suppose a simultaneous deed would have been an incum- brance, it could not affect her, without notice, and an un- recorded deed was no notice, actual or constructive. She knew undoubtedly of the incumbrance by the outstanding mortgage of $2500; but, by the record, one half of the es- tate remaining apparently in the grantor, she knew that by law the other moiety was first liable, and if sufficient in value to pay the incumbrance, her moiety would be free from it. She had no notice of the specific lien on her moiety, arising from a liability to contribute to the owner of the other moiety, which would have existed had the two conveyances been simultaneous. Reuben, although he stood on an equal footing with Sylvester, in the first instance, as to the mort- gage, by failing to put his deed on record, as notice to pur- chasers, enabled Sylvester to make an apparently good title to the demandant, without notice of the incumbrance, and there- fore he could not set it up against her.

It is said that the deed to Reuben, if on record, could have given the demandant no notice, because it is not of the same

estate which she took, which was Sylvester's half. But the theory of the tenant is, that because the deeds from Nathaniel to Sylvester and Reuben were simultaneous, therefore the estate of Sylvester was equally bound; if so, the recording of Nathaniel's deed to Reuben would have been constructive notice to the demandant of such existing incumbrance; the failure to record the deed was the failure of one claiming an incumbrance, to wit, a lien on the estate for a contribution for one half the money, which he might pay to redeem it. It stands, therefore, upon the same footing as if he had a mortgage from his father which he had failed to record. He cannot set it up, against her legal title, without constructive notice.

The tenant, Woodbury, having purchased at an administrator's sale, under a license, the right, title, and interest which Reuben had in this estate, can claim no higher or better title than Reuben had; and having paid the whole amount of the mortgage, he has no claim to contribution. *Allen* v. *Clark,* 17 Pick. 47; *Gill* v. *Lyon,* 1 Johns. Ch. 447; *Clowes* v. *Dickenson,* 5 Johns. Ch. 235.`

This view renders it unnecessary to consider the other objection of the demandant to the tenant's claim, arising from the terms and provisions of Nathaniel Sibley's deed to Reuben.

*Judgment for the demandant.*