ABRAHAM LANDFIELD *v.* ALBIANI LUNCH CO.

Suffolk.   April 4, 1929. — September 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Food. Evidence,* Competency.

At the trial of an action of contract for damages alleged to have resulted from the eating on August 16 of unwholesome beans in a restaurant of which the defendant was proprietor, there was no direct testimony of the number of customers served there daily or that beans were served to any one except the plaintiff. There was evidence that beans were cooked daily and sent in a pot to the restaurant; that any remaining from the pot sent on August 15 were kept separate from beans sent on August 16; and that a pot contained about forty full orders which, with side and full orders, would serve about one hundred persons. The defendant's manager testified that he did not know how much of the new pot was used before the plaintiff was served on August 16, or whether there were any orders left over from the pot of the day before, or how many orders for beans were served on August 15 or 16. He then was asked, "you served beans on the fifteenth and sixteenth of August; now I am going to ask you if you had any complaints from anyone other than the plaintiff, who claimed to have eaten beans on those days at the store . . . [of the defendant] and complained to you afterwards that they were injuriously affected?" Subject to objection by the plaintiff, the witness answered in the negative. The judge stated that he "attached considerable weight to the testimony" and that, had it been excluded, he "might well have found in favor of the plaintiff." The finding was for the defendant. *Held,* that

(1) The judge, who saw the witnesses and heard the questions and answers, might well have inferred from the usual supply furnished

daily and the number of orders in each supply that many customers were fed from the pots of August 15 and 16;

(2) In the circumstances, it was a proper exercise of discretion to admit the question and answer.

CONTRACT for damages resulting from eating alleged unwholesome food sold to the plaintiff in a restaurant of which the defendant was proprietor. Writ, amended from an action of tort to an action of contract, in the Municipal Court of the City of Boston dated September 22, 1928.

Evidence at the trial in the Municipal Court is described in the opinion. The defendant's manager, one Clark, after the testimony described in the opinion, was asked: "Mr. Clark, you served beans on the fifteenth and sixteenth of August, 1928, now I am going to ask you if you had any complaints from any one other than the plaintiff, who claimed to have eaten beans on those days at the store . . . [of the defendant] and complained to you afterwards that they were injuriously affected?" Later, the defendant's treasurer, one Albiani, was asked, "Mr. Albiani, did you receive any complaints other than the plaintiff's at your main office . . . from people who claimed to have eaten beans on the fifteenth and sixteenth of August, 1928, at your . . . restaurant, who claimed that they were injured by the beans?" Both questions were objected to by the plaintiff. The judge permitted both to be answered, and the witnesses replied in the negative. The judge found for the defendant and reported his ruling to the Appellate Division, stating in his report: "I attached considerable weight to the testimony . . . [in answer to the questions above quoted] and had this testimony been excluded I might well have found in favor of the plaintiff." The report was ordered dismissed. The plaintiff appealed.

*J. Schneider*, (*D. C. Ganak* & *C. S. Warshauer* with him,) for the plaintiff.

*J. F. Cavanagh*, (*W. G. Wehrle* with him,) for the defendant.

WAIT, J. The plaintiff sues in contract for breach of the implied warranty of a keeper of a restaurant that the food served therein is wholesome. *Friend* v. *Childs Dining*

*Hall Co.* 231 Mass. 65. He testified that he noticed a peculiar taste in beans served him on August 16, 1928, and that within a few hours after eating them he became ill. There was contradictory evidence on the issue whether the illness arose from eating unwholesome food. Evidence that no complaints were made by any other customer with regard to beans served in the restaurant on either August 15 or 16, 1928, offered by the defendant, was admitted against the plaintiff's exception. After a finding for the defendant, the case was reported to the Appellate Division of the Municipal Court of the City of Boston which dismissed the report. The only question presented on this appeal is the propriety of the ruling on evidence.

The fact that others than the plaintiff ate of the food complained of without ill effects is competent evidence that it was not unwholesome. See *Gracey* v. *Waldorf System, Inc.* 251 Mass. 76. There is a reasonable inference based on common experience that one who ate and suffered as he believed in consequence would make complaint. There is a further reasonable inference, based on logic, that if no one complained no one suffered. Obviously, the latter conclusion is not convincing that the food was wholesome, unless one is satisfied that both plaintiff and others ate of it. Evidence of no complaint is too remote and should not be admitted unless, in addition to the fact that no complaints were made, there is evidence of circumstances indicating that others similarly situated ate and had opportunity for complaining. The report states that all material evidence is reported. It discloses no direct testimony of the number of customers served daily or that beans were served to any one except the plaintiff. There was, however, evidence that beans were cooked daily and sent to the restaurant; that any remaining from the pot sent on August 15 were kept separate from beans sent on August 16; and that a pot contains about forty full orders which, with side and full orders, will serve about one hundred persons. Although the defendant's witnesses failed to testify that any persons were served with beans, and one of them, the manager, testified that he did not know how

much of the new pot was used before the plaintiff was served, or whether there were any orders left over from the pot of the day before, or how many orders for beans were served on August 15 or 16, the language of the questions objected to might well imply that many were served. No objection was taken to the form of the questions. The judge, who saw the witnesses and heard the questions and answers, may well have inferred from the usual supply furnished daily and the number of orders in each supply that many customers were fed from the pots of August 15 and 16. His statement in his report that he gave considerable weight to the testimony justifies the belief that he understood from the evidence that many were served in circumstances similar to those affecting the plaintiff. His ruling was correct, if that understanding was justified. While the question is close, we think that in the exercise of his discretion he could properly admit the evidence, and that no abuse of his discretion appears.

*Order dismissing report affirmed.*