HENRY BLANCHARD'S CASE.

Suffolk.     October 8, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Incapacity.

Where, in proceedings under the workmen's compensation act in September, 1930, it appeared that the employee suffered a severe strain in his back, chest and arms in December, 1928; that he was paid compensation until February 11, 1929; that thereafter he worked one day in February, 1929, from March 13, 1929, to January 6, 1930, from February 20, 1930, to March 1, 1930, and on March 31, 1930, at the same employment as before his injury; and that he had not worked since that time, a finding by the Industrial Accident Board that he continued to be incapacitated as a result of the injury of December, 1928, and an award of compensation from February 11, 1929, except for the time he worked thereafter, to continue under the provisions of the act, were warranted by medical evidence that his incapacity was due to "intercostal neuritis"; by testimony of a physician that he "believes" that the employee's condition was the result of the strain and that it "decidedly" was his opinion that the injury was an adequate cause of his condition; and by testimony of another physician that the strain was an adequate cause although it was "possible that something else could have caused" it.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence at the hearing before the single member of the board on September 9, 1930, is stated in the opinion. His findings were affirmed and adopted by the

board in review. In the Superior Court, a decree was entered by order of *F. T. Hammond*, J., in accordance with the board's decision. The insurer appealed.

The case was submitted on briefs.

*G. F. Garrity & H. B. White*, for the insurer.

*W. F. Hallisey*, for the employee.

FIELD, J. This is a workmen's compensation case. G. L. c. 152. By agreement compensation was paid the employee for incapacity for work between December 26, 1928, and February 11, 1929, resulting from an injury sustained by him in December, 1928, and was then discontinued. Thereafter, the reviewing board, affirming findings and decision of the single member filed October 9, 1930, found that the employee "has continued to be incapacitated as a result of the injury of December 1928," and decided that "compensation shall be resumed from the date it was discontinued up to the present time, with the exception of the time he worked," and "continue in accordance with the terms of the act." From a decree of the Superior Court entered in accordance with this finding and decision the insurer appealed.

The finding as to injury — the correctness of which is not questioned — was that when the employee was "lifting a block of ice, weighing some three hundred pounds, with the assistance of another man, the whole of the weight was put upon him when his assistant released his hold" and the employee "sustained a bad strain, particularly of the back, chest and arms." The employee testified at the hearing before the single member that after February 11, 1929, he worked one day in February, 1929, from March 13, 1929, to January 6, 1930, from February 20, 1930, to March 1, 1930, and on March 31, 1930, at the same employment as before his injury, and that he had not worked since that time.

The insurer's contention is that the evidence did not warrant a finding that the employee's incapacity for work after January, 1930, if any, resulted from the injury sustained by him in December, 1928.

We cannot say that the finding attacked finds no support

in the evidence. On the employee's testimony as to his ability to work, a finding of incapacity during the periods after February 11, 1929, when he was not working, was warranted. There was medical evidence justifying the board's finding that the employee's incapacity was due to "intercostal neuritis."

There was medical evidence also that the disease was the result of the injury sustained in December, 1928. A medical witness testified that he "believes that . . . [the employee's] condition is the result of the strain he received," and in reply to the question whether "it is witness's opinion that the injury was an adequate cause of . . . [the employee's] present condition," answered, "decidedly yes." Another medical witness testified that the "strain itself" was not "cleared up at any time," that the employee "always had symptoms," and that the injury was an "adequate cause" of the employee's condition, though it was "possible that something else could have caused" it. This witness "claims that the intercostal neuritis was brought about by the strain." This testimony could have been interpreted by the board as amounting to expressions by these witnesses of reasoned opinions based upon expert knowledge and observed facts, as distinguished from mere guesses, as to the cause of the employee's disease. Recognition of the possibility of another cause does not wholly destroy the probative force of such evidence. The employee was not required to exclude all other possibilities. *Navien* v. *Cohen,* 268 Mass. 427, 431. *Young* v. *New York, New Haven & Hartford Railroad,* 273 Mass. 567, 570. These expressions of opinion went beyond statements that the strain might have had a causal relation to the incapacitating disease. See *Green's Case,* 266 Mass. 355, 357. The weight to be given to them was for the board. *Carmossino's Case,* 268 Mass. 35, 38. Nothing in the testimony of these medical witnesses necessarily vitiated their conclusions, nor were these conclusions in such conflict with facts of common knowledge that the board could not accept them as correct. See *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384. The testimony of

the employee to the work which he did after February 11, 1929, did not as matter of law preclude a finding by the board that there was a causal relation between his injury in December, 1928, and his incapacity after January, 1930.

*Decree affirmed.*