MORRIS ASHAPA *vs.* PETER REED.

DAVID BILSKY & others *vs.* SAME.

Bristol. October 24, 1932. — October 26, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil*, Requests, rulings and instructions, Findings by judge, Exceptions. *Evidence*, Presumptions and burden of proof.

At the close of the evidence at the hearing by a judge without a jury of an action of tort for personal injuries alleged to have been caused by negligence of the defendant, where the only evidence on the ques-

tion of liability was testimony by the plaintiff, the defendant filed a motion in writing "that the court find a verdict for the defendant." The trial judge ordered: "Motion . . . for finding for the defendant allowed and court finds for the defendant . . . ." On an exception by the plaintiff, it was *held,* that

(1) The motion, and the reference therein to a "verdict," were inappropriate at the hearing of the action by a judge without a jury;

(2) The motion could not be treated as a request for a ruling of law; it constituted merely a request for a finding of fact;

(3) The question before this court was, whether as a matter of law the finding for the defendant was warranted on any reasonable view of the evidence with all rational inferences of which it was susceptible;

(4) The burden being on the plaintiff to prove negligence on the part of the defendant, and the trial judge not being required to believe any of the evidence, the finding for the defendant could not be said to be erroneous as a matter of law;

(5) The exception was overruled.

Two ACTIONS OF TORT. Writs dated, respectively, December 2, 1927, and January 23, 1929.

In the Superior Court, the actions were heard together by *T. J. Hammond,* J., without a jury. The only evidence on the question of liability was testimony by the plaintiff Ashapa. The judge found for the defendant in each action. The plaintiffs alleged exceptions.

*H. W. Radovsky,* (*I. H. Simon* with him,) for the plaintiffs.

*K. C. Parker,* for the defendant.

RUGG, C.J. These are actions of tort to recover compensation for personal injuries and damage to an automobile alleged to have been sustained by the plaintiffs through the negligent operation of an automobile by the defendant. The cases were tried by a judge without a jury. At the close of the evidence the defendant filed in each case a "written motion" of the following tenor: "Now comes the defendant and moves that the court find a verdict for the defendant." The trial judge made this order: "Motion in each case for finding for the defendant allowed and court finds for the defendant in each case." To this order the plaintiffs excepted. Thus is raised the question of law presented on the record.

These motions were not applicable to a trial without a jury. A verdict in law signifies the final action taken by a jury and nothing else. *McKinley* v. *Warren,* 218 Mass. 310, 312. An

intelligible form of request to a judge sitting without a jury would have been either to ask for a ruling of law that on all the evidence the plaintiff was not entitled to recover or to ask for a finding in favor of the defendant. A judge sitting without a jury has two functions, one, to make rulings of law, and the other, to make findings of fact. These two functions are quite separate and distinct. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. Parties may rightly request rulings of law of a trial judge sitting without a jury. Such requests must be passed upon by the trial judge and important rights of parties may rest upon such rulings. *Castano* v. *Leone,* 278 Mass. 429, 430–431. Requests also may be made for findings of fact, although the judge cannot be required to pass upon such requests. His only obligation is to pass upon pertinent requests for rulings of law and to decide the case. Findings of fact not infrequently are made in more or less detail by a trial judge and the reasons stated for the information of parties and counsel, but that is a practice of convenience. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494–495. As matter of construction the motions in the cases at bar were merely requests to make findings of fact. Since the reference in them to a verdict was utterly inappropriate, all that was left was a request for a finding. The motions cannot with any regard to their phraseology be treated as requests for rulings of law. The denial of motions such as these affords no valid ground for exception unless as matter of law the plaintiff cannot prevail. *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 16. The plaintiffs might have protected themselves against any possible misunderstanding on their part by a request for a ruling of law to the effect that on all the evidence the negligence of the defendant was a question of fact.

The question raised by the exceptions therefore is whether as matter of law a general finding in favor of the defendant was permissible on all the evidence. Such a finding will stand provided it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. The burden of proof was upon the plaintiffs to sustain

by a fair preponderance of the evidence their allegations of negligence on the defendant's part. The trial judge was not bound to believe any evidence, even though it were uncontradicted. Whether one has been guilty of negligence is commonly a question of fact. The findings in favor of the defendant cannot be pronounced erroneous as matter of law.

*Exceptions overruled.*