THOMAS J. MONAHAN *vs.* ECONOMY GROCERY STORES CORPORATION.

Suffolk.    December 9, 1932. — April 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Food. Evidence,* Presumptions and burden of proof, Matter of conjecture, Of unwholesomeness of food.

At the trial of an action of contract for breach of warranty of fitness for food in a sale by the defendant to the plaintiff of "three cans of the best corn," there was evidence that the contents of one can were made into corn chowder by the plaintiff's wife and eaten by the plaintiff at two o'clock in the afternoon; that the chowder looked, smelled and tasted good; that about twelve hours later the plaintiff was taken with pain in his stomach, vomiting and diarrhoea; that there was no inspection nor analysis of the chowder because none of it was saved; that the inside of the can was blackened or "streaked like as though gas had come up on it, like a smoke wave," but that the discoloration apparently was only iron sulphid, which, according to the only expert testimony in the case, was the common and harmless result of heating food containing protein in a tin can in the process of canning; that what was left of the chowder was given to a cat which the plaintiff had had for about three months; and that the cat had not been seen thereafter. A physician called by the plaintiff diagnosed the plaintiff's illness as "food poisoning," but admitted that every symptom of the plaintiff was consistent with intestinal influenza, and that

his subnormal temperature was inconsistent with food poisoning. A verdict was ordered for the defendant. *Held*, that the verdict rightly was ordered: the evidence left the cause of the plaintiff's illness conjectural.

CONTRACT OR TORT. Writ dated April 16, 1928.

In the Superior Court, the action was tried before *Bishop*, J., where, apparently, a count in tort in the declaration was waived. Material evidence is described in the opinion. Subject to leave reserved, a verdict for the plaintiff in the sum of $2,700 was recorded. The judge then ordered entered a verdict for the defendant and reported the action for determination by this court.

*B. J. Killion*, (*E. Donovan* with him,) for the plaintiff.

*W. T. Snow*, for the defendant.

LUMMUS, J. The plaintiff sued in contract for breach of warranty of fitness for food in a sale by the defendant to the plaintiff of "three cans of the best corn." *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90. *Blanchard* v. *Kronick*, 269 Mass. 464. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. The contents of one can were made into corn chowder by the plaintiff's wife and eaten by the plaintiff at two o'clock in the afternoon. About two o'clock the following morning, the plaintiff was taken with pain in his stomach, vomiting and diarrhoea, which produced a bad state of health for about a year. Although the writ was in "contract or tort" and the second count of the declaration was in tort for negligence, the report and both briefs speak of the action as one of contract for breach of warranty, and we assume that the count in tort was waived. After the denial of the defendant's motion for a directed verdict, the jury returned a verdict for the plaintiff. The trial judge, by leave reserved (G. L. c. 231, § 120) entered a verdict for the defendant, and reported the case. The question is whether there was evidence that unwholesomeness of the corn caused the illness.

The chowder looked, smelled and tasted good. What was left of it was given to a cat that the plaintiff had had for about three months, and the cat has not been seen since. None of the chowder was saved, and consequently it could

not be inspected or analyzed. The inside of the can was blackened or "streaked like as though gas had come up on it, like a smoke wave"; but the discoloration apparently was only iron sulphid, which the only expert testimony in the case shows to be the common and harmless result of heating food containing protein in a so called "tin" can in the process of canning. There was no evidence of bulging of the can. The plaintiff's physician was not an expert in foods or food poisoning. See *Emerson* v. *Lowell Gas Light Co.* 6 Allen, 146; *Hardiman* v. *Brown*, 162 Mass. 585; *Old Colony Trust Co.* v. *Di Cola*, 233 Mass. 119, 124, 125. Her diagnosis of "food poisoning" as a result of eating the corn chowder, which she was permitted to give, was merely an inference from facts already stated, and added nothing to the possible inferences from those facts. She admitted that every symptom of the plaintiff and his wife was consistent with intestinal influenza, and that their subnormal temperature was inconsistent with food poisoning.

There was uncontradicted evidence, which of course the jury were not bound to believe, on behalf of the defendant, that the cans of corn were heated in the process of packing for seventy minutes at two hundred fifty degrees Fahrenheit, which would destroy all bacteria; and that out of a lot of seventy-two thousand cans packed by the particular packer and shipped to the defendant no complaint had been received as to any other can. See *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528.

The plaintiff was not bound to exclude every other possible cause for his illness, but he was required to show that the probable cause was the unwholesomeness of the corn. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537. *Hendler* v. *Coffey*, 278 Mass. 339, 341. *Blanchard's Case*, 277 Mass. 413, 415. In our opinion, the evidence did not afford a basis for more than a conjecture that the corn was unwholesome and that the plaintiff's illness was due to the corn rather than to other food or drink partaken by the plaintiff and his wife or to intestinal influenza. *Gracey* v. *Waldorf System, Inc.* 251 Mass. 76. In *Barringer* v. *Ocean*

*Steamship Co. of Savannah,* 240 Mass. 405, *Smith* v. *Gerrish,* 256 Mass. 183, and *Landfield* v. *Albiani Lunch Co.* 268 Mass. 528, the food tasted bad. The entry of a verdict for the defendant was right.

The plaintiff excepted to the exclusion of certain questions to the plaintiff's physician which could have been asked only upon the footing that she was an expert as to the oxidation of metals and food poisoning. As she was not qualified as an expert, the exclusion of the questions was proper.

*Judgment for the defendant.*