CITY OF WORCESTER *vs.* L. ROCHEFORD & SON, INC.

Suffolk.   April 4, 1938. — May 24, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Evidence*, Presumptions and burden of proof.   *Practice, Civil*, Findings by judge.   *Fire.   Proximate Cause.*

No error appeared in a finding for the defendant by a judge hearing without a jury an action at law for damage resulting from a fire, if he was unable to find by a fair preponderance of credible evidence that the fire was the result of the defendant's acts rather than of some cause for which he was not responsible.

Where subsidiary facts found by a judge hearing an action at law without a jury did not as a matter of law require a finding for the plaintiff, a finding for the defendant was final.

CONTRACT.   Writ in the Superior Court dated April 6, 1932.

The case was heard without a jury by *Broadhurst*, J., who found for the defendant.   The plaintiff alleged exceptions.

*H. W. Cole*, (*W. Hecht* of New York & *C. W. O'Brien* with him,) for the plaintiff.

*P. R. O'Connell*, (*D. Whitcomb* with him,) for the defendant.

LUMMUS, J.   The defendant was the general contractor engaged in building a schoolhouse for the city of Worcester, and received large sums under the contract as the work progressed.   William R. McLoughlin, Inc., installed the electrical wiring under a separate contract.   The schoolhouse was nearly completed when it was practically destroyed by fire on the night of April 21, 1931.   Insurers of the city against loss by fire paid the loss, amounting to $384,-200.57, and as assignees of the rights of the city brought in the name of the city this action of contract against the general contractor, alleging that the fire was caused by negligence of the general contractor or its servants.   The judge, sitting without a jury, found for the defendant. The case is here on the plaintiff's exceptions.

There is little doubt that the fire was of electrical origin, and was occasioned by the introduction into the building of a portable cable about fifty yards long for the purpose of conducting electrical current to a saw and a planer, each motor-driven, which the defendant was temporarily operating in the auditorium. The cable was connected with the feeder wires at the front of the building just above the temporary front door. The portable cable was carried into the building by the defendant, while the feeder wires were installed by the electrical contractor. The judge was unable to find who made the connection.

The evidence, including expert testimony, upon which the judge sought to find the cause of the fire, was various and inconsistent. A number of electrical defects could have been found upon the evidence. Some of them, like the absence of proper fuse protection at the saw and the planer, the defective condition of each, and the possible injury to the insulation of the portable cable, were within the control of the defendant, and might furnish evidence of the defendant's negligence. The plaintiff was not bound to show the exact train of events that caused the fire. It would be enough to show by a preponderance of the evidence that the fire, whatever its physical cause, resulted from negligence of the defendant. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 141. *Glaser* v. *Schroeder,* 269 Mass. 337, 340. *Cushing* v. *Jolles,* 292 Mass. 72, 74. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. *Fone* v. *Elloian,* 297 Mass. 139, 140–141. But some of the electrical defects of which there was evidence could have been found not within the control of the defendant. There was evidence that there was a lack of fuse protection in the connection of the cable with the feeder wires, but the judge was unable to find that the defendant made that connection. Where a tribunal of fact is unable to find by a preponderance of the evidence that the plaintiff's injury resulted from an act of negligence for which the defendant is responsible, rather than from a cause for which the defendant is not responsible, the finding must be for the defendant. *Childs* v. *American Express Co.* 197 Mass. 337. *Bigwood* v.

*Boston & Northern Street Railway,* 209 Mass. 345, 348. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537. *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548.

The judge found as follows: "Every [expert] opinion offered by the plaintiff as to the cause of the fire was based on facts assumed to exist, and necessary to the opinion, one or more of which I find either did not exist, or are not proved by a fair preponderance of credible evidence to have existed, or if they existed, were not attributable to negligence of the defendant. . . . There is not a fair preponderance of credible evidence to prove that the fire was the result of some one of several possible sets of circumstances or conditions, each of which must have been the result of negligence of the defendant. Since it does not appear that negligence of the defendant in installing, caring for, maintaining and using its power cable and the electrical appliances connected with it was the proximate cause of the fire, and since no other breach of contract appears, the plaintiff cannot recover."

Since this is not a suit in equity (*Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79; *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407 *et seq.*), but an action at law, this general finding for the defendant as to causation stands like a verdict of a jury, and we have no authority to substitute for it a conclusion of fact of our own, drawn from the subsidiary findings. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143, 144. *Andrews* v. *Registrars of Voters of Easton,* 246 Mass. 572, 576. *Ashapa* v. *Reed,* 280 Mass. 514. *Bianco* v. *Ashley,* 284 Mass. 20, 26. *Weiner* v. *Egleston Amusement Co.* 293 Mass. 83. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 216, 220. *O'Toole* v. *Magoon,* 295 Mass. 527, 530. *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 290. The subsidiary findings did not require a general finding for the plaintiff as a matter of law.

*Exceptions overruled.*