Henchey, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained by him while making a social visit at the premises owned by the plaintiff’s mother and occupied by the plaintiff’s brother as a tenant at will. The answer is a general denial and a plea of contributory negligence.
At the trial the plaintiff testified that he was a son of the defendant, that he was married and did not live with the defendant; that at the time of the accident he worked for his father; that on July 8, 1937, he drove to the premises, owned by his mother and occupied by his brother; that his visit was purely social; that he drove his automobile into the driveway which leads from the street to a piazza, and stopped it near a side door leading off the piazza into the house; that he got out of his machine and took a step or two and stepped on a broken piece of milk bottle which cut his left ankle; that he did not see the bottle before he stepped on it; that he was alone when he stepped *142 on it; that he went into the house and received first aid treatment and later went to the out-patient department of a hospital for further treament.
The plaintiff could not testify affirmatively as to the presence of the broken bottle; he qualified all his testimony with the word “probably.”
One Emil Baby, a witness called by the plaintiff, testified that on July 1 or 2,1937, he went to “the defendant’s premises to buy eggs; that he bought three dozen from the defendant and while talking with her on the piazza saw a broken milk bottle and saw the defendant kick it off the piazza into the yard where it landed about a yard from the piazza; that he wasn’t back to the defendant’s premises from July 1 or 2 until after the accident; that he never saw the broken milk bottle again.”
The defendant was not present at the trial and no evidence was introduced by her.
At the close of the trial and before final argument, the defendant made nine requests for rulings, all but two of which were denied as not applicable to the facts found by the trial judge.
The Court found for the plaintiff and assessed damages in the sum of one hundred and seventy-five dollars, making the following “memorandum of finding”; (after disposing of the requests) . . . “I find as a fact that the plaintiff was an invitee on said premises and that he was in the exercise of due care and that the defendant was negligent and her negligence caused damage to the plaintiff.”
. The defendant claims to be aggrieved by the Court’s rulings, refusal to rule and finding, and the case was reported here.
The report states that it contains all the evidence material to the questions reported.
It should be stated at the outset that the solution of the questions here involved has been made most difficult be *143 cause of the ambiguity of the findings of the trial judge as stated in the report.
It is not clear from the evidence or the findings to whom, as matter of law, control of these premises should be charged. If control rested in the defendant, (and there is evidence that the defendant conducted an egg-selling business upon the premises), and the plaintiff was there for a purely social matter, be he guest of the defendant or the defendant’s son, the defendant would be liable only for those acts which constitute gross negligence. Comeau v. Comeau, 285 Mass. 578. The Court has found that the defendant was guilty only of simple negligence.
We must, however, take the view most favorable to the plaintiff, namely, that control of the premises was in the defendant’s son, in which case, the plaintiff being rightfully upon the premises, can recover for injuries caused by the simple negligence of the defendant. In this case, as between plaintiff and defendant, the law of landlord and tenant has no application; the plaintiff must stand or fall on the ordinary rules of simple negligence.
We believe the defendant was prejudiced by the Court’s refusal to grant Request No. 1, which was as follows: “Upon all the evidence there is insufficient evidence to warrant the Court in finding, under all the circumstances of this case that the defendant was negligent.” It seems to us that this request correctly raises the question of law as to whether the evidence is sufficient to warrant the finding for the plaintiff. Forbes vs. Gordon and Gerber, Inc., 1937 Mass. A. S. 1055 at 1058. Since we believe that, on the evidence reported, as matter of law, the plaintiff cannot prevail, denial of this request constitutes prejudicial error. Ashapa vs. Reed, 280 Mass. 514 at 516; New Bedford Cotton Waste Co. vs. E. E. Andres Co., 258 Mass. 13 at 16.
*144 We have here a general finding that the defendant was negligent. Such a finding must be considered final unless unsupported by the evidence. Ashapa vs. Reed, 280 Mass. 514 at 516; Castano vs. Leone, 278 Mass. 429 at 431.
In the instant case there is no support for such a finding. To be sure there is evidence that approximately one week before the accident the defendant kicked a broken milk bottle off the piazza, but there is no evidence that this was the broken milk bottle which injured the plaintiff or that the spot to which the defendant kicked the bottle was the place or anywhere near the place at which the plaintiff suffered his injury. The cause of the injury is left to speculation and conjecture. It must be remembered that the plaintiff must sustain the burden of proving that the defendant was negligent and that such negligence caused injury to the defendant. Castano vs. Leone, 278 Mass. 429 at 431. This is elementary. The plaintiff fails to maintain this burden if on the whole evidence, the question of the defendant’s negligence is left to conjecture, surmise or speculation. Morris vs. Weene, 258 Mass. 178 at 180; Bigwood vs. Boston and Northern Street Railway, 209 Mass. 345 at 348.
The finding for the plaintiff is to be vacated and judgment entered for the defendant.