No. 951 Southern Suffolk, ss.

COULTER (Newman & Newman)

v. WALDORF SYSTEM, INC.

(Ely, Bradford, Thompson and Brown)

From the Municipal Court of the West Roxbury District
—MacDonnell, J.

Argued Oct. 16, 1941—Opinion filed Nov. 25, 1941

ROLLINS, J. (Estes, A. P. J., and Briggs, J.)—In this action the plaintiff seeks to recover for injuries resulting from the eating of allegedly unwholesome food, furnished to her in response to her order, by the defendant at one of its restaurants.

The evidence tends to show the following facts:

At about 11 o'clock in the evening the plaintiff entered the restaurant and ordered two "western" sandwiches and a cup of coffee. The ingredients of a western sandwich are egg, chopped

ham and chopped onion, and these component parts are mixed together and fried, and then served on a bread roll. She consumed one sandwich, took a bite of the second and noticed a strong flavor of onion and ate no more of it. The plaintiff then returned home, went to bed, and about 11:45 P. M. awakened and vomited violently. She was ill for a week, suffering from diarrhea and bloody discharges and was attended by a physician. On the day in question the plaintiff's breakfast consisted of toast and coffee, her dinner of milk and graham crackers, and her supper of vegetable salad. She testified she was in good health until after eating the western sandwich. The physician attending the plaintiff testified that, in his opinion, she suffered from gastro-enteritis, an inflammation of the inner intestinal lining. He further testified that, in his opinion, this sickness was due to a toxic food irritant and "was caused by the food which she had consumed on the night in question."

The real issue here presented is, was the trial judge, upon the evidence here presented, viewed in an aspect most favorable to the plaintiff, warranted in finding that the food sold by the defendant was unwholesome. Aside from the "opinion" of the attending physician, which will be hereafter considered, there was no evidence that could justify a finding that the western sandwiches were unwholesome. The uneaten part of the second sandwich was not analyzed and shown to contain any bacteria or injurious substance. There was no evidence that the sandwiches "tasted bad" or had a bad odor or "appearance of unfitness" as in *Johnson* v. *Kanavos, super,* at page 375.

The only evidence on these points was that the second sandwich had "a strong flavor of onion." A sandwich, one of the components of which is freshly fried onion, must be expected to have such a flavor and such flavor is no evidence whatever of unwholesomeness. Nor was there evidence that *several* persons were made sick after eating the food as in *Johnson* v. *Kanavos, supra.*

The attending physician testified "that in his *opinion* the plaintiff's illness was caused by the food which she had consumed on the night in question." The words "food which she had consumed on the night in question" might be so construed as to include the vegetable salad which she had for supper as well as the western sandwiches, but considering the context in which these words occur, we believe that the physician meant to give as his opinion that the illness was caused by the western sandwiches. An "opinion," as contrasted with a statement of fact, is evidence only if given by an "expert" on the subject under consideration. A practicing physician is not necessarily an expert on food poisoning. *Emerson* v. *Lowell Gas Light Co.* 6 Allen 146, 148. *Monahan* v. *Economy Grocery Stores,* 282 Mass. 548, 550, 551.

There is nothing in the record to show that the attending physician qualified as an expert on food poisoning or that any

offer was made to qualify him as such. His opinion, therefore, is probably not evidence and not to be considered by us as such. But even if it be considered, it adds nothing to the evidence.

In *Monahan* v. *Economy Grocery Stores, supra,* at page 550, the Court says, "Her |(the plaintiff's physician) diagnosis of 'food poisoning' as a result of eating corn chowder, which she was permitted to give, was merely an inference from facts already stated and added nothing to the possible inferences from those facts." This reasoning would seem to apply with equal force to the instant case.

The burden of proving that her illness was due to the unwholesomeness of the western sandwiches was an affirmative one resting on the plaintiff, which could not be left to surmise, conjecture or imagination. We are of the opinion that the evidence most favorable to the plaintiff did not afford a basis for more than a conjecture that her illness was due to an unfit condition of the western sandwiches. *Monahan* v. *Economy Grocery Stores, supra.*

There was prejudicial error in denying the defendant's first, third and fourth requests for rulings.

Finding for the plaintiff is to be vacated and judgment entered for the defendant.