No. 140878        Municipal        Suffolk, ss.

SHURTLEFF        (William Shaw McCallum)

v. TAYLOR (Admx.)        (John J. Finn)

From the Municipal Court of Boston—Carr, J.

Argued Nov. 17, 1941—Opinion filed Feb. 11, 1942

---

COHEN, S. J. (Putnam, C. J., and Barron, J.)—The plaintiff sues in an action of tort to recover damages for personal injuries sustained while in the employ of Mabel Blake.

In the home of the defendant was a box which was referred to as a safe and which was used for the storage of silverware. The defendant requested the plaintiff to close the box which was open. The plaintiff testified that she put her left hand on the top of the lid preparatory to grasping it with her right hand and that as soon as she touched it it came down on her right hand which was raised to assist in lowering the lid and that as a result of the lid striking her right hand one of her fingers was broken. The plaintiff testified that she reported what had occurred to the defendant who stated, "you poor thing, I should not have sent you (to close the lid) without sending one of the girls to show you how." She further testified the defendant said that its catches, (meaning the hinges of the box), were not secure and that the defendant remembered how a man some time before had the cover come down and break his hand. There was other evidence in the case to the

[ 81 ]

effect that there was no difficulty in opening and closing the box, that is to say, that there was no difficulty in raising and lowering the lid. The trial judge found that the evidence did not satisfy him that the lid was any more dangerous to handle than other articles of a similar nature such as the top of a trunk or the top of a roll top desk and he was not satisfied that any insecureness of the hinges referred to, as to the nature of which hinges there was no clear evidence, made the lid a dangerous object. The trial judge further found that the plaintiff was a reasonably intelligent adult person and that if she had been reasonably alert and in the exercise of reasonable care she would not have sustained any injury and further found that there was no negligence on the part of the defendant in not warning the plaintiff about closing the lid.

Plaintiff claims to be aggrieved by the action of the court in regard to certain requests.

Plaintiff's requests 1, 2, 3, 6 and 7 were substantially given. We do not understand that the plaintiff claims otherwise. The judge is not required to give a request in the exact language presented where the subject matter of the request is adequately and properly covered as was done in the case at bar as shown by the rulings and findings. *Leave* v. *Boston Elevated Railway Co.*, 306 Mass. 391-404.

Request numbered 4 was rightly refused. It assumes that evidence given by the plaintiff's witnesses established conclusively as facts the matters testified to by them and further implies that no conflicting evidence was otherwise given. The report shows that there was such conflicting evidence. Even if there were none such, it is elementary that the trial judge may reject evidence given as not credible. If the evidence given by the plaintiff's witnesses were so rejected and if no other evidence on the matters testified to by the plaintiff's witnesses were given, there then would be a failure on the part of the plaintiff to produce credible evidence sufficient to sustain the burden on the plaintiff to satisfy the court by a fair preponderance of the evidence of the negligence of the defendant. *Ashapa* v. *Reed,* 280 Mass. 514-516, 517.

Requests numbered 5 and 8 were given in part. That part not given in number 5 called for the absolute right of the plaintiff to recover if there were no assumption of risk. That part not so given entirely ignored the necessity of establishing by competent evidence negligence of the defendant. That part of number 8 not given exactly as requested assumed as facts that certain dangers existed and that the defendant knew or should have known of them and that the plaintiff did not know of them and could not be fairly charged with such knowledge. The court dealt with the testimony as to the alleged facts assumed in that part of the request not given and the court, upon all the evidence, has found the facts to

be otherwise than as so assumed in the part of the request not given.

Request numbered 11 asks the court to rule that a finding would be warranted that the accident would not have occurred without fault on the part of the defendant and that the doctrine of *res ipsa loquitur applies*.. No such finding would have been warranted on the evidence disclosed in the report The court found, upon sufficient evidence, the circumstances under which the accident happened which disclose no negligence on the part of the defendant and lack of due care, as the court found, on the part of the plaintiff. Such evidence and findings entirely eliminate the doctrine of *res ipsa loquitur* without going into other matters which make a similar disposition of that claim. The request was rightly refused.

The report discloses evidence warranting the finding made by the judge. We find no error in dealing with the plaintiff's requests. Therefore, entry may be made

*Report dismissed.*