## MELORI SHOE CORP. v. PIERCE & STEVENS, Inc.

United States District Court
D. Massachusetts.
May 27, 1953.

Mintz, Levin & Cohn, Haskall Cohn, Richard G. Mintz and Joseph B. Abrams, Boston, Mass., for plaintiff.

Frederick J. Hansberry, Frederick R. Walsh, James T. Hennessey and Charles S. Walkup, Jr., Boston, Mass., for defendant.

FORD, District Judge.

1. Defendant's first objection is addressed to numerous interrogatories on the ground that the information requested is privileged and that the defendant should not be compelled to disclose trade secrets, manufacturing processes and secret formulae.

■ ▪ Rule 30(b), Fed.Rules Civ.Proc. 28 U.S.C.A., provides for the issuance of orders "that secret processes, developments, or research need not be disclosed". This protection is not absolute, however. Disclosure of such information may and should be ordered where the issues cannot be fairly adjudicated unless this information is available.

This action is one for breach of warranty in the sale by defendant to plaintiff of certain adhesives to be used by plaintiff in the manufacture of shoes for the purpose of bonding soles to uppers. The complaint alleges an implied warranty of fitness for a particular purpose and a breach thereof. On the question of breach of warranty the simple question thus raised is whether the adhesive did in fact properly bond the soles of the shoes to the uppers. The interrogatories in question request detailed information as to ingredients of the adhesives in question and as to the processes by which they were manufactured. While this information might be helpful to plaintiff on the question of whether or not the adhesive did provide a proper bond, it is doubtful if it is so necessary to plaintiff's proof as to justify an invasion of the secrecy of defendant's processes.

■ Defendant, however, has raised other issues in its answer, and particularly the defense that any failure to bond properly was due not to any defect of quality in its adhesive, but to plaintiff's failure to apply it properly. It is difficult to see how plaintiff can adequately prepare to meet this defense unless it can fully investigate the nature, composition, and method of manufacture. These are essential whether it is to try to show that the adhesive actually supplied to it was defective, or to show that its methods of applying the adhesive were proper. While defendant has a legitimate interest in the protection of its trade secrets, that interest must yield to the right of the plaintiff to discover the full truth of the facts involved in the issues of the case. Grasselli Chemical Co. v. National Aniline and Chemical Co., Inc., D.C., 282 F. 379, 381. The objections to this group of interrogatories are overruled.

■ The answers to these interrogatories, however, shall be disclosed only to counsel for plaintiff and technical experts assisting in the preparation of plaintiff's case.

■ 2. Defendant's objections to Interrogatories 43 and 44 are sustained. These deal with complaints of other users in the period before plaintiff made any use of defendant's adhesives, which would be of questionable relevance.

3. The objections to Interrogatories 45 and 46 are overruled. These deal with complaints of other users after September 1, 1948 when defendant first supplied a sample of its product to plaintiff. The existence or non-existence of such complaints might be admissible in evidence. Landfield v. Albiani Lunch Co., 268 Mass. 528, 530, 168 N.E. 160. In any event investigation as to the experience of other users may lead plaintiff to the discovery of other relevant evidence. Rule 26(b).

4. Interrogatory 47 will be answered for the period from September 1, 1948, when plaintiff received its first sample of defendant's adhesives, to February 28, 1950 when plaintiff last used such adhesives.

5. Interrogatory 48 need not be answered, being based on the period prior to September 1, 1948.

6. Interrogatories 49 and 50 need not be answered. They deal with adhesives other than those involved here, and would involve disclosure of trade secrets not essential to the issues of the present case.

7. Interrogatories 50 and 52 need not be answered, since they would require defendant to draw a conclusion as to the similarity between plaintiff's products and methods of manufacture and those of its other customers.

Answers in or within 30 days.