*Northern District*
No. 6152
**GEORGE B. HARTNETT, JR. ppa**
v.
**JOSEPH BAPTISTE, et al**

*Present*: Brooks, P.J. and Connolly, J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex No. 2547 or 1962.

*Connolly, J.* In this remand case, the plaintiff, an infant, seeks to recover damages for breach of an implied warranty of merchantability. It is alleged that the plaintiff's mother purchased from the defendants a jar of baby food known as "Gerber's Strained Bananas" which was not fit to eat.

According to the report, the evidence was, and we quote:

"The plaintiff's mother in August, 1961 purchased a jar of Gerber's strained bananas

at the store on 4th Street, being one of the two they owned. She asked for "strained bananas" and he gave her Gerber's strained bananas. On the evening of August 13, 1961 at a drive-in theatre she fed some of the strained bananas to the plaintiff who was then two years and seven months old. The plaintiff's mother fed him four or five small spoonfuls, the spoon being smaller than a teaspoon but larger than a baby spoon. This feeding occurred at about 8:30 p.m.

"Thereafter, the plaintiff resisted the feeding and gagged. The mother, who had not previously examined the food, now noticed that it had a moldy odor, was hard, moldy with a green core. The plaintiff was all right until about 11 p.m. when he vomited while at the theatre and upon arrival home, vomited five more times. At home the plaintiff was very pale, had diarrhea and ate no solid food for four or five days. The next day he developed a fever of 105 degrees Fahrenheit and on the day following was taken to a physician who prescribed some medicine. A few days later the plaintiff developed a rash, particularly on his arms. He was very sick for a week and less sick for another week. In all the physician saw the plaintiff three times. The last food eaten by the plaintiff prior to the strained bananas consisted of cereal and apple sauce consumed five hours previously."

The court found for the plaintiff and denied the three requests for rulings of the defendants. These requests are:

1. The evidence does not warrant a finding that the defendants broke any warranty, express or implied, of which the plaintiff is a beneficiary.

2. The evidence does not warrant a finding that the defendants, or either of them, gave any warranty, express or implied, of which the plaintiff is a beneficiary.

3. The evidence does not warrant a finding that the plaintiff became sick or was otherwise injured as the result of eating food sold by the defendants, or either of them.

The third request should have been granted. Evidence of a causal relationship between the eating of the food in question and the subsequent illness of the plaintiff is lacking.

■ The fact that the food smelled and looked moldy or was hard with a green core does not mean that it was deleterious to health. Medical testimony, while not always necessary, would certainly have been helpful in this case.

. ■ The plaintiff was not bound to exclude every other possible cause for this illness, but he was required to show that the probable cause was the unwholesomeness of the food in question. *Monahan v. Economy Grocery Stores Corp.*, 282 Mass. 548. *Benavedes v. Stop & Shop, Inc.*, 346 Mas.s 154. The plaintiff failed in this requirement.

Because of what we have said above in relation to the third request, it is unnecessary to discuss the first two, other than to say we are of the opinion that there is merit in the

contention of the defendants that they should have been granted.

There being prejudicial error, the finding for the plaintiff is vacated and a finding entered for the defendants.

Jerome Polcari of Boston for the plaintiff.

Paul V. Powers of Boston for the defendant.