## FOX v. FISHER.
### No. 218 Civil.

District Court, E. D. Tennessee, S. D.

June 13, 1941.

Thomas, Folts & Brown, of Chattanooga, Tenn., for plaintiff.

Lynch, Whitaker, Hall & Allison, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This is a suit by a national bank receiver on a stock assessment. From a review of the pleadings it would appear that the questions to be determined are as follows:

(1) Whether this action is barred by a statute of limitations of the State of Tennessee.

(2) Whether W. H. Fox was the owner of shares of stock in the Chattanooga National Bank by reason of, (a) accruing to him as a liquidating dividend of the First National Bank of Chattanooga, of which he was a stockholder, or (b) whether he is estopped to disclaim ownership by reason of conduct assuming to be the owner.

Having these issues in mind and realizing that interrogatories of this kind are not confined to evidence admissible at the trial but may be inquiries in an effort to get information to secure evidence that is admissible at the trial, I have concluded that I should sustain the exceptions to all the interrogatories. This is done for the reason that a large number of them would entail a great deal of labor in the answering and are of doubtful usefullness. Further, that in a large number of them the witness disclaims any knowledge whereby answer might be made.

My judgment is the best way to handle this situation is for the original plaintiff, by his attorney, to have the right of inspection of any and all the records and papers inquired about in the interrogatories, except such as is claimed to be privileged by the witness. In addition to this, let the order provide that at the trial of the case any of these interrogatories may be propounded to the witness the answers to be governed by the rules relative to evidence adduced on discovery.

I think this method will enable the original plaintiff to get all the information desired and save much time and effort on the part of the witness and the defendant.

Let an order be prepared in accord with this opinion.