### SUTTON v. WARNER BROS. et al.
### Civ. A. 12583.

United States District Court
E. D. Pennsylvania.

Nov. 7, 1951.

Charles S. Schermer of Philadelphia, Pa., for the plaintiff.

Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., for the defendant.

DELEHANT, District Judge (serving by special assignment).

The present ruling is upon objections served and filed by the defendants·to certain interrogatories propounded by the plaintiff after issues were joined in the action. Of the twenty-two interrogatories submitted, seventeen were answered and objections were made to five.

The present controversy arises in an action brought by the plaintiff, a citizen of Pennsylvania and resident of Philadelphia and, although not so described in the complaint, apparently a Negro, against the defendants, New York and Delaware corporations respectively, alleged at the times material to have been participants in the management and operation of the Earle Theatre located at Eleventh and Market Streets, in Philadelphia. In his complaint the plaintiff alleges the defendants' exhibition between June 30 and July 12, 1950 at the designated theatre of a motion picture entitled, "The Lawless" and their pub-

lic and prominent display on an easel at a place nearest Eleventh and Market Streets of sundry Philadelphia police department "stand-up" photographs, one of which identified with the legend "Safe Cracker Gang" included a photograph or likeness of the plaintiff, to which photographs attention was directed by a bold headline legend in the words "Philadelphia Police are always on the job as these lawless characters well know". Denying both the implications of the legends and his permission for the use of his photograph or likeness, the plaintiff demands damages (a) on the ground of the invasion of his privacy, and (b) for libel. The defendants have answered, among other things denying the plaintiff's allegations touching the numbers of persons to whom his likeness was thus exhibited and the amount of damages, if any, by him sustained in consequence of the incident.

◼ The interrogatories were tendered under, and are to be appraised by, Rule 33, Federal Rules of Civil Procedure, 28 U.S.C. By that rule the scope of examination is expressly approximated to the area within which, under Rule 26(b) depositions are limited. And with presently irrelevant exceptions that rule provides that a deponent "may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Relevancy to the subject-matter involved in the pending action, not immediate evidentiary admissibility, seems to be the primary test and limit of inquiry under Rule 33. See also Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Gutowitz v. Pennsylvania R. Co., D.C.Pa., 7 F.R.D. 144; Hiss v. Chambers, D.C.Md., 8 F.R.D. 480; Fox v. Fisher, D.C.Tenn., 39 F.Supp. 878; United States v. Columbia Steel Co., D.C.Del., 7 F.R.D. 183. Implicit in the test of relevancy is the element of reasonable proximity, in the circumstances, of time and place of the matter inquired about.

◼ One of the challenged interrogatories is numbered 14. It asks whether the picture "The Lawless" was exhibited at any theatres under the ownership or management of the defendants other than The Earle, "previous to or after" its exhibition at The Earle, and if so the name, address, and playing dates of the picture for each such theatre and whether the same "stand-up" pictures were shown in connection with any such exhibition. It is objected to on the grounds of irrelevancy and of its generality in respect of time and territorial area, in the light of the specific exhibition on which the plaintiff bases his claim. The objection is considered to be well taken to the exact question as put by the plaintiff. However, the court's order upon the motion overrules the objection, but requires the defendants to answer the question only to the extent of stating whether in association with any exhibition of the picture in question at any other theatre or theatres in the ownership or management or control of the defendants, display was made of any photograph or photographs displayed in association with its exhibition at The Earle theatre in which the plaintiff's photograph or likeness was shown or included; and if so when, over what period, and where such exhibition and display occurred. The exhibition elsewhere by the defendants of the film itself dissociated from the "stand-up" pictures including the plaintiff's likeness is regarded by the court as irrelevant. But its exhibition with such pictures could easily reflect upon their intent in using "stand-up" pictures.

◼ Interrogatory 19 asks for a statement of the gross receipts, and interrogatory 20 of the number of admissions of The Earle theatre during the specified period

of the exhibition of "The Lawless", and in each instance for a comparison of the figure thus given with gross receipts and admissions respectively "during the summer season" at the theatre. Objection is tendered on the ground of irrelevancy and the alleged privileged character of the material requested. So far as those objections are concerned, they do not appear to be well taken as against the entire questions. However, the questions do not limit the "summer season" to 1950. The court's order will do that, and for want of any real definition in the interrogatories of the term "summer season" will also require and allow the defendant to declare in its answer what, in the industry involved, is regarded as the summer season in the Philadephia area, and to limit its answer touching comparative figures to that interval in 1950.

■ Interrogatory 21 inquires, concerning admissions, what proportion of them were of colored people. Upon the oral argument it appears satisfactorily to the court that an answer to that question could only reflect a guess or estimate. The defendants should not be required to make an answer that is obviously not one of fact, but a mere guess. The objection is being sustained.

■ Finally, Interrogatory 22 asks whether the defendants have ever conducted a survey, or had one made, of the traffic, pedestrian or otherwise, which passes The Earle theatre within any given period of time, and if so what were the findings of such survey. In like manner as Interrogatory 14, this question is objected to on the ground of irrelevancy and the absence of limitation to any period of time. In point of time, but not otherwise, the objection is well taken. Certainly the number of potential observers of the offending publicity has relevancy to the generality of its publication. But the court's order as made limits the requirement for answer to the calendar years 1949 and 1950.

An order is being filed reflective of the rulings announced.