**LOUIS WEINBERG ASSOCI-ATES, Inc.**
v.
**MONTE CHRISTI CORP.**

United States District Court
S. D. New York.
March 15, 1954.

See, also, D.C., 11 F.R.D. 514.

**494**

Gordon, Brady, Caffrey & Keller, New York City, Leroy C. Curtis, New York City, of counsel, for plaintiff.

Guzik & Boukstein, New York City, Joseph H. Stein, New York City, of counsel, for defendant.

DIMOCK, District Judge.

This is a motion pursuant to Rule 37 (a) of the Federal Rules of Civil Procedure to compel plaintiff to answer certain questions which he refused to answer during pre-trial examination and to overrule plaintiff's objections to certain lines of inquiry on pre-trial examination. Defendant also moves for the production by plaintiff of all its books and records relating to its inventory of Swiss Ventura braid purchased from Jacques Mayer in Switzerland in 1945 during the period following February 1945, and its records showing the processing, sales or other disposition of any part of this Swiss Ventura braid.

This is an action for breach of a contract to bleach 6,130 pieces of fiber braid so that the braid could be used in the manufacture of hats. The complaint alleges that defendant, by negligently and improperly bleaching and drying the braid, caused 4,690 pieces of it to be yellowed and stained and wholly unsalable and useless.

The braid in issue was part of a large quantity of Swiss Ventura braid which plaintiff purchased from Jacques Mayer in Switzerland in 1945. Plaintiff has refused to answer any questions about the disposition of any portion of this Swiss Ventura braid other than the 6,130 pieces which were delivered to defendant for bleaching on the ground that such information is irrelevant. Defendant contends that information about the effect of processing by others is highly relevant on the issue of the cause of the defective condition of the braid; and, further, that the prices at which plaintiff sold the braid not processed by it are relevant on the issue of damages. Defendant also contends that whether or not plaintiff has in stock bleached Swiss Ventura braid other than that which defendant processed is relevant on the question of identification of the defective braid. The objection to this line of in-

quiry on the ground of irrelevance is overruled.

■ Plaintiff has also objected to the disclosure of the names of purchasers and processers of the braid not processed by defendant on the ground that such information is a trade secret. Plaintiff and defendant are not competitors. Defendant processes braid for plaintiff's competitors, however, and plaintiff contends that the revelation of its customers to defendant would be very damaging to its business. Defendant argues that this information is necessary for its investigation of the condition of braid processed by others and on the issue of the quality of its processing. There is no absolute privilege which protects such information. See Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., D.C.S.D.N.Y., 12 F.R.D. 531, 545. Unless the disclosures are sufficiently important in their bearing on the issues in the case, however, plaintiff should be permitted to keep the names of his customers confidential. Since I cannot think of any other method by which defendant can establish that the braid which was processed by others showed similar defects, defendant should be given the opportunity to interrogate those who bought the Swiss Ventura braid from plaintiff. Defendant is entitled to find out whether there was similar difficulty with the rest of the braid not only by interrogating customers but also by interrogating the processers.

■ As to the 6,130 pieces which defendant bleached, 1,440 pieces were delivered to plaintiff in February, 1948, the remainder in March, 1950. Plaintiff agreed to furnish any records which would indicate sales of the 1,440 pieces which were delivered in February, 1948, but reserved the right not to disclose the names of its customers. As I indicated above, such information is not absolutely privileged, particularly since plaintiff and defendant are not competitors. Further, plaintiff plans to amend its complaint to include these 1,440 pieces. Thus, in addition to the relevancy which the condition of part of the braid processed by defendant would have on the issue of the cause of the defects of the remainder, the condition of braid actually in issue as defective is a material issue in the suit.

■ Plaintiff has also refused to reveal the identity of the milliners who tested the braid in suit by making sample hats on the ground that it is not required to disclose its witnesses. In view of the language of Rule 26(b) which specifically permits inquiry into "the identity and location of persons having knowledge of relevant facts", this objection is not well taken and is overruled.

■ Finally, defendant seeks the production by plaintiff of all its books and records relating to the processing, sales or other disposition of all the Swiss Ventura braid which was purchased from Jacques Mayer in Switzerland in February 1945. Plaintiff contends that defendant has failed to show the "good cause" required by Rule 34,[1] and further that the production of all these documents dating back to 1945 is unduly burdensome. Since, as I have indicated above, the information sought from the documents is relevant on the condition of the braid not bleached by defendant and, since plaintiff will have to collate these records in order to answer the questions which I have permitted above, I do not think it unduly burdensome to allow the defendants to inspect these documents.

Motion granted in all respects.

1. See Sagorsky v. Malyon, D.C.S.D.N.Y., 12 F.R.D. 486, 487.