AMERICAN OIL COMPANY

v.

PENNSYLVANIA PETROLEUM PROD-
UCTS COMPANY.

Civ. A. No. 2375.

United States District Court
D. Rhode Island.

April 15, 1959.

Hinckley, Allen, Salisbury & Parsons, Providence, R. I., Stephen B. Ives, Jr., Providence, R. I., of counsel, for plaintiff.

Francis J. O'Brien, Providence, R. I., Cornelius C. Moore, Francis J. Boyle and Salvatore L. Virgadamo, Newport, R. I., of counsel, for defendant.

DAY, District Judge.

In this action the plaintiff seeks to recover certain sums of money alleged to be due and owing to it for gasoline, oil and other products supplied by it to the defendant and for other charges incidental thereto. Jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount.

In its answer the defendant admits the delivery to it by the plaintiff of said gasoline, oil and other products, but contends that said oil was sold and delivered to it with warranties, both express and implied, that it would be of merchantable quality and fit for the operation of oil burners; that the said oil was so contaminated as to be not merchantable and unfit for the purpose intended; and that as a result thereof the defendant is relieved of liability to pay therefor. By way of further answer the defendant has filed counterclaims wherein it seeks to recover damages which it alleges it has sustained by reason of its resale of the said oil. In these counterclaims it seeks to recover amounts which it claims it has expended and will be required to expend to repair heating equipment of its customers, which repairs the defendant claims to have been occasioned by the use of said contaminated oil; for the settlement of claims made by its customers for damages suffered by them; and damages for past and future losses of business, for additional managerial and overhead expenses, and for injury to its reputation and goodwill.

The matter is presently before me upon the defendant's objections to certain interrogatories propounded to it by the plaintiff. While originally the defendant filed a blanket objection to all of the interrogatories, this blanket objection was not urged during oral argument and defendant has insisted only upon its objections to certain specific interrogatories which I shall now discuss. These are susceptible to analysis in groups, and will be so considered.

### Group I

Interrogatory No. 1 seeks to require defendant to state whether it denies liability for or denies the correctness of any of the items of the invoices annexed to plaintiff's complaint on any grounds apart from those set forth in the second through the sixth defenses of its answer. Interrogatories Nos. 2 and 3 require answers only if the answer to No. 1 is in the affirmative; in that event, the defendant is requested to identify the items, and to state the reasons for such denials of liability or correctness.

The purpose and function of the pre-trial discovery rules (Rules 26–37, F.R.Civ.P., 28 U.S.C.A.) and the pre-

trial hearing under Rule 16 are (1) to narrow and clarify the basic issues between the parties and (2) to ascertain facts or information as to the existence of facts relating to those issues in advance of trial. Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 4 Moore, Federal Practice, 2d ed., § 26.-02. Here the plaintiff's invoices contain hundreds of items. In addition to the defenses asserted by way of counterclaims in its answer, the defendant denies any and all liability to the plaintiff. In my opinion the answers sought by Interrogatories Nos. 1, 2 and 3 will serve to narrow and clarify the issues in this litigation, and hence said interrogatories are proper. The defendant's objections thereto are overruled.

## Group II

Interrogatories Nos. 4, 9 and 11 relate to claims asserted in the defendant's counterclaims, and seek to have the defendant state in detail the manner or manners in which the defendant was greatly damaged by reason of the allegedly contaminated oil, with amounts assigned to each manner, together with a recital of the methods employed in computing such amounts. The defendant objects to these interrogatories on the ground that they call for "information which is not readily available to it, some of which is opinion and will require extensive research and the compilation of data not immediately known to the defendant."

While there is admittedly a split in the authorities, I do not believe that an interrogatory is subject to valid objection merely because it calls for matters of opinion or contention. The real test should be whether or not an answer thereto would serve any substantial purpose, either in leading to evidence or in clarifying the issues in the case. Hickman v. Taylor, supra; Rowe Spacarb, Inc. v. Cole Products Corporation, D.C. Ill.1957, 21 F.R.D. 311; Territory of Alaska v. The Arctic Maid, D.C.Alaska 1955, 135 F.Supp. 164. Likewise an interrogatory is not objectionable simply because it calls for information which is not readily available to the answering party, Smith v. Piper Aircraft Corp., D.C.Pa.1955, 18 F.R.D. 169, or because it seeks information which requires research and compilation of data. It must be shown to be unduly burdensome and oppressive. Erone Corp. v. Skouras Theatres Corporation, D.C.N.Y.1958, 22 F.R. D. 494; Bowles v. McMinnville Mfg. Co., D.C.Tenn.1946, 7 F.R.D. 64. Since the information sought here will undoubtedly be assembled by the defendant prior to trial in the preparation of its defenses, it cannot be said that these interrogatories are objectionable as being burdensome. The objections to Interrogatories Nos. 4, 9 and 11 are therefore overruled.

## Group III

Interrogatories Nos. 6, 8, 10, 12, 14, 17, 22 and 24 in substance call upon the defendant to state the sums of money which it will be required to expend in the future to service the heating equipment of customers, to repair the same, and to compensate said customers for damages sustained by them; and also call for the method of computation of the said sums which the defendant will be required so to expend and pay in the future. It is obvious that the answers to these questions could reflect only guesswork at the present time. The defendant "should not be required to make an answer that is * * * not one of fact, but a mere guess". Sutton v. Warner Bros., D.C.Pa.1951, 12 F.R.D. 192, 195. Cf. Lowe v. Greyhound Corp., D.C. Mass.1938, 25 F.Supp. 643. The defendant's objections to these interrogatories are sustained.

## Group IV

Interrogatory No. 13 requests the names and addresses of customers and dealers to whom defendant has paid sums in settlement of claims due to said allegedly contaminated oil, the amounts so paid, and like information. Interrogatory No. 16 seeks the names and addresses of customers or dealers who have been

lost by the defendant because of the use of said allegedly contaminated oil; the gallonage purchased annually by each such customer or dealer; the date of the first delivery to each such customer or dealer; the date of the last delivery thereto; and the reason sales to each such customer or dealer were terminated. Interrogatory No. 20 asks for the names and addresses of customers who have withheld payments from the defendant after discovering damage to their heating equipment due to the use of the allegedly contaminated oil.

The defendant objects to these interrogatories on two grounds, viz.: (1) that they call for the disclosure of privileged matter and that it fears that plaintiff will solicit its business if the names and addresses sought by these interrogatories are disclosed; and (2) that they call for evidentiary detail.

In my opinion the second ground of the defendant's objection is clearly without merit. While it is true that prior to the 1946 amendments to Rule 33 there was much respectable authority that interrogatories were to be limited to the important facts of the case and that evidentiary details might not be inquired into, the 1946 amendments to the said Rule expressly provide that "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)." The Rule, as amended, also provides that "the number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression". No such showing has been made here.

■ Insofar as Interrogatory No. 16 is concerned, I think that defendant's first ground of objection is also without merit. The information sought relates to customers or dealers which have been lost by the defendant. Such information is clearly relevant to the issues and cannot reasonably be said to be privileged. Since these customers are already lost to the defendant it cannot be urged that the defendant has any interest in their identity such as would require protection from disclosure. The defendant's objection to Interrogatory No. 16 is overruled.

In Melori Shoe Corp. v. Pierce & Stevens, Inc., D.C.Mass.1953, 14 F.R.D. 346, at page 347, the court held:

"While defendant has a legitimate interest in the protection of its trade secrets, that interest must yield to the right of the plaintiff to discover the full truth of the facts involved in the issues of the case, Grasselli Chemical Co., Inc. v. National Aniline and Chemical Co., Inc., D.C., 282 F. 379, 381. The objections to this group of interrogatories are overruled.

"The answers to these interrogatories, however, shall be disclosed only to counsel for plaintiff and technical experts assisting in the preparation of plaintiff's case."

In Louis Weinberg Associates, Inc. v. Monte Christi Corp., D.C.N.Y.1954, 15 F.R.D. 493, the Court, in requiring the plaintiff to disclose the names of customers to whom it had sold braid processed by the defendant, held that such information is not absolutely privileged, and emphasized the fact that the plaintiff and defendant were not competitors.

■ Here the plaintiff and the defendant are to a certain extent competitors. Clearly the information sought by Interrogatories Nos. 13 and 20 is relevant and necessary to the plaintiff in the proper presentation of its claim and its defense to the defendant's counterclaims. However, I do feel that the disclosure of the answers to these interrogatories should be limited to counsel for the plaintiff and to such persons as he may engage to assist him in any investigation which he may make in preparation for trial, none of such persons so engaged to be employees of the plaintiff or associated with it in any other capacity. In order to effect such limitation of disclosure, the defendant shall deliver a copy of its answers to Interrogatories Nos. 13 and

20 to counsel for the plaintiff and shall file a duplicate copy thereof in a sealed envelope with the Clerk of this Court, to be opened only upon the order of this Court. The objections of the defendant to Interrogatories Nos. 13 and 20 are overruled, with the foregoing limitations as to the disclosure of the answers thereto.

### Group V

The sole remaining interrogatory to which the defendant objects reads as follows:

> "26. Identify the foreign substances allegedly contaminating the fuel oil delivered by the plaintiff to the defendant."

The ground of the defendant's objection is that the plaintiff seeks by this interrogatory to obtain the subjective conclusions of experts engaged by it to analyze said fuel oil and to give it expert opinions with respect thereto. Plaintiff does not contend that these experts were regularly employed by the defendant and apparently concedes that they were engaged specially by the defendant to analyze said oil and to advise and assist the defendant in this controversy. Moreover, plaintiff acknowledges that samples of said fuel oil have been submitted by the defendant to the plaintiff for analysis by its own experts.

It is obvious that plaintiff by this interrogatory seeks discovery of the subjective expert conclusions of the defendant's experts. In Lewis v. United Air Lines Transport Corporation, D.C.Pa. 1940, 32 F.Supp. 21, the third party defendant, proceeding under Rule 26, F.R. Civ.P., sought before trial to take the deposition of an expert who had been hired by the defendant to make metallurgical tests upon an allegedly defective cylinder in an airplane engine. In upholding the objections of the defendant to certain questions propounded by the plaintiff on the ground that the matters involved therein were privileged, the Court held at page 23:

> "To permit a party by deposition to examine an expert of the opposite party before trial, to whom the latter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefor."

In Walsh v. Reynolds Metals Co., D.C. N.J.1954, 15 F.R.D. 376, the plaintiff proceeding under Rule 34, F.R.Civ.P. sought the production of a written report which has been compiled by an expert whom the defendant had engaged to inspect a heating device involved in the action. In refusing to order production of the entire report and in permitting the defendant to exclude therefrom the conclusions of its experts, the Court held at pages 378–379:

> " * * * not only are these conclusions not objective facts which are the precise object of discovery, but. such conclusions have not been rendered unavailable to the parties. * * * Nor is plaintiff at all prejudiced in preparation for trial by the lack of such expert conclusion. He can obtain his own expert conclusion, upon the basis of the objective facts doubtless contained in the report in question, and of course, if such facts do not so appear, this court is still open.

> "This, moreover, will be fair to the expert witness, as well as to Union Carbide, in view of the property right of the expert himself, and of his client, in his own expert conclusions, which, while discoverable to the state or government for the protection of the public, are not normally discoverable to a private party who does not pay for them."

Interrogatories under Rule 33, F.R.Civ.P. may relate to any matters which may be inquired into under Rule 26(b), F.R.Civ.P. If a matter is privileged under Rule 26(b), it is likewise privileged under Rule 33 and may not be

the subject of discovery under the latter rule if timely objection be made to such inquiry. United States v. Certain Acres of Land, etc., D.C.Ga.1955, 18 F.R.D. 98; United States v. 7,534.04 Acres of Land, More or Less, etc., D.C.Ga.1954, 18 F.R.D. 146; Landry v. O'Hara Vessels, Inc., D.C.Mass.1939, 29 F.Supp. 423.

In my opinion the information sought by Interrogatory No. 26 is privileged and not subject to discovery by the plaintiff. The defendant's objection to said interrogatory is sustained.