UNITED STATES of America,
Plaintiff
v.
ALUMINUM COMPANY OF AMERICA
and Rome Cable Corporation,
Defendants.

Civ. No. 8030.

United States District Court
N. D. New York.

Nov. 8, 1960.

See also 193 F.Supp. 251.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Samuel Karp, Edna Lingreen, Michael H. Gottesman, Attorneys, Department of Justice, Washington, D. C., for the United States.

Bergson & Borkland, Washington, D. C., Herbert A. Bergson, Washington, D. C., of counsel, for Aluminum Co. of America.

Ferris, Hughes, Dorrance & Groben, Utica, N. Y., Robert Groben, Utica, N. Y., of counsel, for Rome Cable Corp.

BRENNAN, Chief Judge.

This is an anti-trust action. The burden of the complaint is to the effect that the acquisition by Aluminum Company of America of the stock and business assets of the Rome Cable Corporation may lessen competition or tend to create a monopoly in violation of Section 7 of the Clayton Act, 15 U.S.C.A. § 18. The litigation gives every indication of being complex in the issues involved, complicated and lengthy in the evidence to be produced. The items of commerce involved apparently consist of aluminum and copper products.

In its pretrial preparation, the defendants have propounded to the plaintiff a number of interrogatories designed to obtain information as to the details of the production and distribution of the items which make up the line of commerce involved and to ascertain the basis of the plaintiff's contention. The plaintiff has objected to a number of such interrogatories and such objections have been disposed of upon the hearing except as to two of said interrogatories, decision upon which was reversed.

Concisely stated, the two interrogatories involved here—to wit: 2(e) (ii) and 5(d) (ii)—request that plaintiff furnish to the defendants the quantity and dollar value of wire and cable products of various companies manufacturing such products for stated time periods. The companies, whose production and sales figures are sought, are not parties to this action. The background of the interrogatories will be briefly stated.

In August 1960, the plaintiff submitted in letter form a questionnaire to a number of companies manufacturing the products, above referred to. The questionnaire solicited information from each such manufacturer as to production and sales figures of the above products during certain time intervals. It appears that information has been received by

the plaintiff from many of the companies from which same was requested as above and it is this information which the defendant seeks by the above interrogatories.

The letter questionnaire contained the following statement—"These requests are made with the understanding that the data and information furnished in compliance with this letter will be received on a confidential basis and will not be disclosed without prior notice to you". It is this court's understanding that all of the parties furnishing the requested information to the plaintiff have been advised by the plaintiff of a hearing upon the objections to the interrogatories and have been invited to express their views as to the propriety of the release to the defendants of the information received in accordance with the language of the interrogatories. One such company appeared by counsel at the hearing and voiced oral objection to the disclosure of the information submitted by his client. Counsel for another company has written this court relative thereto. Each of such companies, through their representatives, voiced their objections to the disclosure of the information substantially upon the ground that same was furnished in confidence and its disclosure would have an adverse competitive impact upon them.

That the evidence of production figures obtained as above is relevant to the issues here is not disputed, and the intent of the plaintiff to use same upon the trial seems to be conceded. The Government takes the position that it has not violated its agreement with the neutral companies because it has given them notice that the information received may be disclosed under the order of the court. It is difficult to understand how the evidence could be used on the trial without disclosing the names and production figures of each of said companies. "Such compilations of data can be adequately appraised and weighed only if their foundations can be tested". United States v. Swift & Co., D.C., 24 F.R.D. 280, at page 283. It is suggested that a protective order could be made whereby the production figures of each company could be disclosed as required by the interrogatories but that the name of the company could be withheld. The decisions in Caldwell-Cleménts, Inc. v. McGraw-Hill Pub. Co., D.C., 12 F.R.D. 531; American Oil Co. v. Pennsylvania Pet. Prod. Co., D.C., 23 F.R.D. 680; Melori Shoe Co. v. Pierce & Stevens Inc., D.C., 14 F.R.D. 346, have been examined but the protective orders, referred to therein, would seem impractical under the conditions that exist here. The defendants and their experts should not be deprived of the full opportunity to test the foundations of such data.

The problem involved here may well rest upon the rationale in the decisions in United States v. Swift & Co., D.C., 24 F.R.D. 280 and United States v. Continental Can Co., D.C., 22 F.R.D. 241. The contentions advanced here are substantially the same as those advanced in the above authorities, the rationale of which this court adopts.

Any prejudice or harm to be occasioned by the companies answering the questionnaire seems more theoretical than practical. The purpose of the action is to protect the public interest which definitely includes the interest of defendant's competitors. Approximate business statistics are available through investigating agencies and this court is of the opinion that under present business conditions production and sales figures are not a well kept secret from business competitors. The fact that only two companies objected to the disclosure of the information is some indication that the harm resulting from the disclosure is minimal. The objections to the two interrogatories, which are the subject of this decision, are overruled, and it is

So ordered.