UNITED STATES of America,
Plaintiff

v.

ALUMINUM COMPANY OF AMERICA
and Rome Cable Corporation,
Defendants.

Civ. No. 8030.

United States District Court
N. D. New York.

Nov. 17, 1960.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Samuel Karp, Edna Lingreen, Michael H. Gottesman, Dept. of Justice, Washington, D. C., of counsel, for the United States.

Bergson & Borkland, Washington D. C., Herbert A. Bergson, Washington, D. C., of counsel, for Aluminum Co. of America.

Ferris, Hughes, Dorrance & Groben, Utica, N. Y., Robert Groben, Utica, N. Y., of counsel, for Rome Cable Corp.

BRENNAN, Chief Judge.

This is an anti-trust litigation to test the legality of the merger of the two corporate defendants.

By reason of a prior motion, D.C., 193 F.Supp. 249, and stipulation, the defendants were required to produce certain documents pursuant to the provisions of Rule 34, F.R.Civ.P., 28 U.S.C.A. The defendant, Aluminum Company of America, hereinafter referred to as "Alcoa", withheld eighteen documents. The problem arises here through the medium of an order to show cause why the defendants should not produce the withheld documents. It appears that the action of said defendant as to the withheld documents was based upon the claim that same were privileged and therefore their production could not be required under the provisions of the above rule. It was further ordered that said defendant identify the documents and produce same for the examination by the court. The defendant has produced copies of the documents involved and by a memorandum, filed with the court and delivered to opposing counsel, has disclosed "the characterizing circumstances" pertaining to each document. People's Bank of Buffalo v. Brown, 3 Cir., 112 F. 652, at page 654. Briefs have been filed by both parties and the problem is before the court for decision.

■ The sole question involves a determination as to whether or not each of said documents may be withheld by reason of the existence of the attorney-client privilege. Such determination is a question of fact (Steiner v. U. S., 5 Cir., 134 F.2d 931, at page 935), determined in the light of the purpose of the privilege and guided by applicable judicial precedents, especially those having a somewhat similar factual background.

■ The purpose of the privilege is to insure to the client that his full and frank disclosures to his counsel concerning legal matters may be made with the assurance that same will not be disclosed. The many precedents applying the privilege under given circumstances need not be discussed. It is sufficient to say that the decision of Judge Wyzanski in United States v. United Shoe Machinery Corp., D.C., 89 F.Supp. 357, may be considered as outlining the requirements to be shown by the party asserting the privilege. This decision sets at rest the status of house counsel and draws the distinction pertinent here between legal opinions or information furnished for the purpose thereof as distinguished from business advice. The above decision has been substantially followed in such cases as Zenith Radio Corporation v. Radio Corporation of America, D.C., 121 F.Supp. 792; Georgia-Pacific Plywood Co. v. U. S. Ply. Corp., D.C., 18 F.R.D. 463, which, together with the cases cited therein, affords a sufficient outline of the legal principles that are to be applied in determining the questions involved here.

With the above principles in mind, the documents in question will be separately considered and decided as indicated below.

Item 1. The claim of privilege has been withdrawn and the document has been or will be made available to plaintiff.

■ Item 2. This is a request for factual information by the attorney to the client for the purpose of forming an opinion as to the legality of a contemplated legal action. The document is privileged.

Item 3. This document is a partial reply to the request made in Item 2. Considered separately, it is privileged. Other circumstances appear which are discussed below.

Prior to the request made by counsel in Item 2, a previous memo passed between the President of Alcoa and the recipient of Item 2. This document has been produced. It in effect requests the same factual information sought by counsel in Item 2. When Item 3 was prepared, a reference was made to the above request by the President and Item 3 was in fact a reply to both the President's and counsel's request for information. Accordingly, a copy of the document, Item 3, was sent to the President.

■ As I view the situation, the copy of Item 3, sent to the President, is nothing more than an inter-office memo passing between two business executives and based upon a previous request made by one of them. The defendant has no privilege as to this document. Radio Corp. of America v. Rauland Corp., D.C., 18 F.R.D. 440. The mere fact that the original was sent to counsel under circumstances which preserve the privilege does not attach a privilege to the copy which was sent to an executive as a reply to a separate request for non-privileged business data. The copy of Item 3 should be produced.

Item 4. This document is an additional reply to the request contained in Item 2. It differs from Item 3 in that it in no way indicates that it is in reply to the memorandum request of the President referred to above. It does appear however that copy of same was sent to him. The plaintiff contends that the document may not be considered privileged since it was simply an addition or completion of the information requested by both the President and counsel and is therefore an adjunct of Item 3 and must be treated in the same manner. I do not adopt the Government's argument. This document in no way indicates that it is in reply to the President's request and refers only to the request of counsel contained in Item 2.

In fact, Exhibit B, previously produced, dated the same day, addressed to the President, expressly indicates that it, together with the "letter" (Item 3), constitutes a reply to the President's request.

■ I know of no authority which would hold that the privilege is lost because one executive in a corporation discloses to another such executive the factual information which he has given to counsel upon which to base a legal opinion. The document is privileged. Its production may not be required.

■ Item 5. This item gives a legal opinion by counsel as to a tax question. No comment is necessary. The document is privileged.

Item 6. The claim of privilege is withdrawn. The document has been or will be made available to plaintiff.

Item 7. The claim of privilege is withdrawn. The document has been or will be made available to plaintiff.

■ Item 8. This document from counsel to the client relates to modification of a purchase contract and is privileged.

■ Item 9. This document, signed by counsel, outlines certain business policies or practices as the basis of a determination of whether or not a recent acquisition would constitute a "purchase" or a "pooling of interest". The contents appear to be the basis of the formation of an opinion as to the treatment thereof and as such is privileged.

Item 10. Claim of privilege has been withdrawn. The document will be or has been made available to the plaintiff.

■ Item 11. This document has been produced with paragraph 3 (deleted therefrom). The document is an inter-office communication between non-legal personnel and as such would not be privileged. The paragraph in question discloses legal advice given to the client. In other words, the paragraph simply submits to non-legal personnel legal advice already received. I would hold that the paragraph is privileged and its production may not be required.

Item 12. Claim of privilege is withdrawn and the document has been or will be made available to plaintiff.

Item 13. This document appears to be a request from counsel as to certain factual information which "we are preparing in connection with the acquisition of Rome". When a lawyer requests factual information from a client, it is ordinarily assumed that same is to be evaluated for a legal purpose. To hold otherwise would mean that the privilege does not exist unless the attorney discloses as a preface for his request the purpose of each bit of factual information sought. While the privilege is not lightly to be extended to business matters, I would conclude that

the document comes within the limits of proper privilege and that same should be sustained.

The plaintiff argues (especially as to Item 15 below) that the document bears date after the defendants had entered into a contract for the acquisition of Rome's assets. I do not see how that fact is material. Legal problems are not confined to a time period before the execution of a contract but they well may become more pointed after the execution thereof. This argument amounts to the contention that no privilege exists in the matter of the legal effect of a contract already executed. The document is privileged.

Item 14. This item is simply a transmittal memo submitting the information requested in Item 13. Same is privileged as indicated in the discussion of Item 15 below.

Item 15. This is a direct answer to the request for information referred to in Item 13. It is the client's reply to the attorney's request for information and, as such, is privileged.

Item 16. This document is a request by counsel to the client for information to be used for a purpose requiring legal evaluation. The document is privileged.

Item 17. This document is the reply of the client to counsel's request in Item 13. As such reply, the document is privileged.

Item 18. This document is counsel's outline of procedures to legally carry out the purchase or acquisition of the assets of the Rea Magnet Wire Company. The materiality of the document may be questioned but, in any event, same is privileged.

The documents, above referred to, submitted by counsel will be sealed and filed in the Clerk's office; not to be opened except upon the order of this or an appellate court. The memorandum submitted by the defendants under date of November 3, 1960, which shows the characterizing circumstances surrounding each of the documents will be filed in the Clerk's office together with the list of same submitted October 25, 1960.

Plaintiff's motion, requesting the production of the documents herein referred to, is granted and denied in accordance with the dispositions indicated above, and it is

So ordered.