See also 762 F.2d 1299.

**HODGES, GRANT & KAUFMANN and Tom Harrell, Inc., Plaintiffs-Appellants, Cross-Appellees,**

v.

**UNITED STATES GOVERNMENT, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, Defendant-Appellee, Cross-Appellant.**

No. 84–1682.

United States Court of Appeals, Fifth Circuit.

Aug. 19, 1985.

Hiram C. Eastland, Jr., Joanne E. Nitzberg, Jackson, Miss., for Jones.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Div., Charles E. Brookhart, William A. Whitledge, U.S. Dept. of Justice, Tax Div., Washington, D.C., for U.S.

Before RUBIN, WILLIAMS, and DAVIS, Circuit Judges.

## OPINION ON CROSS–APPEAL

ALVIN B. RUBIN, Circuit Judge:

■ The United States appeals the district court's denial of the enforcement of its subpoena with respect to two documents described as "(1) letter from G. Booker Schmidt to Bill Jones and Lloyd Coppedge, dated January 21, 1981, consisting of five (5) pages; and (2) Memorandum addressing certain tax strategies, developed for use by Schmidt, consisting of sixteen (16) pages."

The district court held that those documents were "within the attorney-client privilege or the work product rule," but gave no reasons for this conclusion. The district court examined the documents *in camera* and we have also done so. Because we are unable to decide the issues on the inadequate record before us and without findings of fact by the district court, we reverse the order refusing to enforce production of the two documents and remand for further proceedings.

G. Booker Schmidt, a lawyer, was employed as attorney for Bill Jones, the taxpayer, when he wrote the January 21 letter. Jones asserts that Schmidt was also employed as attorney for Coppedge and that the letter, which patently contains legal advice, was written to both as his joint clients or to Coppedge as Jones' employee. The government, on the other hand, notes that, if Coppedge was not in fact a client represented by Schmidt in a matter jointly with Coppedge, the sending of a copy of the letter to Coppedge, as a non-client, destroyed the privilege.[1]

The second document, sixteen pages in length, is a memorandum prepared by the accounting firm of Touche Ross & Co. at the direction of Schmidt and addresses certain tax strategies developed for use by Schmidt in connection with Jones' affairs. This clearly is not a communication between client and lawyer. It may be protected from disclosure only if it is work product.

■ The oldest of the privileges for confidential communications,[2] the attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice.[3] The privilege also protects communications from the lawyer to his client,[4] at least if

---

1. *United States v. Gann,* 732 F.2d 714, 723 (9th Cir.1984); *United States v. Osborn,* 561 F.2d 1334 (9th Cir.1977); *United States v. Lawless,* 709 F.2d 485 (7th Cir.1983).

2. 8 J. Wigmore, Evidence § 2290, at 542 (McNaughton rev. 1961).

3. *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39, 51 (1976).

4. *United States v. Amerada Hess Corp.,* 619 F.2d 980, 986 (3d Cir.1980); *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 862 (D.C. Cir.1980); *Garner v. Wolfinbarger,* 430 F.2d

they would tend to disclose the client's confidential communications.[5] Its application is a question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents.[6] The burden of demonstrating the applicability of the privilege rests on the party who invokes it.[7]

■ Because the privilege protects only confidential communications, the presence of a third person while such communications are made or the disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests.[8] The privilege is not, however, waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication.[9]

Without evidence of some kind, we cannot determine whether Coppedge was a client of Schmidt, jointly with Jones, or whether, as asserted in Jones' brief on appeal, Coppedge was an agent of Jones to whom the attorney-client privilege might properly be extended because he was in effect Jones's alter ego, or whether, for some other reason, the privilege should apply. Moreover, the district judge made no findings to support his conclusion. We

therefore remand for an evidentiary hearing to allow the district judge to determine whether the first document is shielded by the attorney-client privilege.

■ Documents and materials developed by a lawyer for use in or in anticipation of litigation are not protected by the attorney-client privilege. However, such materials may be cloaked from disclosure to an adverse party—at least during the discovery process—on the ground that they constitute the attorney's work product.[10] Following the Supreme Court decision in *Hickman v. Taylor*,[11] which afforded protection to an attorney's work product, the doctrine was codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Such materials may be obtained "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."[12] The burden of establishing that a document is work product is on the party who asserts the claim, but the burden of showing that the materials that constitute work product should nonetheless be disclosed is on the party who seeks their production.[13]

1093, 1096 n. 7 (5th Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct. 1191, 28 L.Ed.2d 323 (1971).

5. *Brinton v. Department of State*, 636 F.2d 600 (D.C.Cir.1980), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981); *Murphy v. Department of Army*, 613 F.2d 1151, 1184 n. 8 (D.C.Cir.1979); *United States v. Ramirez*, 608 F.2d 1261, 1268 n. 12 (9th Cir.1979). *See generally* Bartell, *The Attorney-Client Privilege and Work Product Doctrine*, in ALI/ABA Resource Materials—Civil Practice and Litigation in Federal and State Courts 583 (2d ed. 1984).

6. *United States Aluminum Co. of Am.*, 193 F.Supp. 251, 252 (N.D.N.Y.1960).

7. *See, e.g., In re Sealed Case*, 737 F.2d 94, 99 (D.C.Cir.1984); *In re Boileau*, 736 F.2d 503, 506 n. 1 (9th Cir.1984); *In re Grand Jury Investigation*, 723 F.2d 447, 450 (6th Cir.1983); *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983); *In re Grand Jury Subpoena Duces Tecum (Dorokee Co.)*, 697 F.2d 277, 280 (10th Cir.1983); *United States v. Jones*, 696 F.2d 1069,

1072 (4th Cir.1982); *United States v. Flores*, 628 F.2d 521, 526 (9th Cir.1980).

8. *United States v. Gann*, 732 F.2d 714, 723 (9th Cir.1984); *Weil v. Investment/Indications Research Management, Inc.*, 647 F.2d 18, 23 (9th Cir.1981).

9. *Wilson P. Abraham Constr. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 253 (5th Cir.1977). *See generally* Bartell, *supra* note 5.

10. Fed.R.Civ.P. 26(b)(3). *See generally* Bartell, The Work Product Doctrine, ALI/ABA Course Materials J., Dec.1983, at 7.

11. 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

12. Fed.R.Civ. 26(b)(3).

13. *Hickman*, 329 U.S. at 511–12, 67 S.Ct. at 394, 91 L.Ed. at 462–63; *In re Anthracite Coal Litig.*, 81 F.R.D. 516, 522 (D.Pa.1979). *See generally* 8 J. Wigmore, *supra* note 2, § 2023, at 196.

Examination of the document prepared by Touche Ross & Co. indicates the possibility that it was prepared in anticipation of Jones' involvement in tax litigation, but, without evidence, we cannot be certain. The government asserts that this memorandum could not be protected work product because it was drawn up primarily for preparing a tax return or for dealing with the IRS and was intended by Schmidt to be disclosed to the IRS when it examined the tax returns that Schmidt was preparing for filing. If the document was prepared in anticipation of "dealing with the IRS," it may well have been prepared in anticipation of an administrative dispute and this may constitute "litigation" within the meaning of Rule 26. Even if the memorandum is considered work product, the government may be able to obtain disclosure if it is able to make the showing required by Rule 26. (We assume, for present purposes, that the principles underlying Rule 26 also apply in tax fraud investigations, a matter not addressed by counsel.)

Therefore, in order that the facts may be developed and the district court may prepare findings, we REMAND the question whether the accountant's report is work product, and, if it is, whether its disclosure may be compelled. The order refusing to enforce production of the two documents is REVERSED and REMANDED for further proceedings consistent with this opinion.