**In re AL NAGELBERG & CO., INC., Debtor.**

**John S. PEREIRA, as Trustee of Al Nagelberg & Co., Inc., Plaintiff,**

**v.**

**MARINE MIDLAND BANK, N.A.; Internal Revenue Service; Richard E. Lyng, Secretary, Department of Agriculture; William Cottle, d/b/a William (Bill) Cottle Produce; and Bank Leumi Trust Company of New York, Defendants.**

**Bankruptcy No. 86B 12128(TLB).
Adv. No. 87–5380A.**

**United States Bankruptcy Court, S.D. New York.**

**May 20, 1988.**

Robert Herzog, New York City, for trustee.

Slade & Pellman, New York City by Eric D. Statman, for Marine Midland Bank, N.A.

Rudolph W. Guiliani, U.S. Atty., S.D. N.Y., New York City by James L. Garrity, Jr.

#### MEMORANDUM DECISION AND ORDER ON TRUSTEE'S MOTION TO COMPEL

TINA L. BROZMAN, Bankruptcy Judge.

John S. Pereira, Chapter 7 trustee of Al Nagelberg & Co., Inc. (Trustee), moves to compel Marine Midland Bank, N. A. (Marine) to produce for his examination unredacted versions of two business records pursuant to Fed.R.Bankr.P. 7026 and Fed. R.Civ.P. 26. The redactions were made at the behest of Marine's counsel who urges that the redacted portions are not discoverable because of the attorney client privilege. With the consent of both counsel, the

court made an *in camera* inspection of the documents.

One document (Memorandum) is a memorandum to the file prepared by one John Blasi, a Marine employee in the Classified Loans Department. Mr. Blasi summarized what was discussed at a meeting which he attended that day with his supervisor, Marine's counsel, the debtor's principal and the debtor's then counsel. The redacted portion of the memorandum, which constitutes the first half of a sentence the second half of which was produced, sets forth some unidentified person's opinion respecting the bank's right in certain collateral. The second half of the sentence relates an opinion given by the debtor's counsel respecting Marine's rights in other collateral. From the context of the memorandum and the wording of the second half of the sentence it appears that the opinion which was redacted was discussed at the meeting which is the sole subject of the memorandum.

Mr. Blasi's supervisor, Frederick Paglia, testified at his deposition that all files maintained by the Classified Loans Department are not available to other bank officers, only to counsel and those persons within the Classified Loans Department who need to know about the particular loan.

The second document is a memorandum entitled "CII SUPERVISED ASSET PLAN" (Asset Plan) written by Mr. Blasi and approved and initialed by Mr. Paglia. Mr. Paglia testified that similar reports are prepared in the normal course of monitoring the status of classified loans. Marine maintains two types of files for such loans in the Classified Loans Department, so-called "counsel sheet" files and so-called "litigation" files. The asset plans are kept in the former and are generally distributed to the supervisor (Mr. Paglia or others on his level), the head of the Classified Loans Department, and the supervisors of the various originating areas around the entire bank whose loans are managed by the Classified Loans Department (such as, for example, the Commercial Banking Department).

▐ The first redacted portion of the Asset Plan relates counsel's opinion respecting the rights of certain creditors of the debtor. The second redacted portion relates strategy which was apparently discussed with counsel.

[T]he attorney-client ... privilege attaches (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived ...

*United States v. Bein,* 728 F.2d 107 at 112 (2d Cir.) *cert. denied, sub nom. De Argelis v. U.S.,* 469 U.S. 837, 105 S.Ct. 135, 83 L.Ed.2d 75 (1984) quoting *United States v. Kovel,* 296 F.2d 918, 921 (2d Cir.1961). If confidentiality is not intended, the privilege does not attach. *In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1037 (2d Cir.1984). Thus, summaries of conferences held with or in the presence of outsiders are not privileged. *United States v. International Business Machines Corporation,* 66 F.R.D. 206, 210 (S.D.N.Y.1974); *United States v. United Shoe Machinery Corp.,* 89 F.Supp. 357, 360 (D.Mass.1950); *see Colton v. United States,* 306 F.2d 633, 639 (2d Cir.1962), *cert. denied,* 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Accordingly, the redacted material from the Memorandum is not privileged and must be produced. Moreover, there has been no showing nor does it appear that the unidentified opinion (if given by counsel) was based on a confidential communication by the client. For this reason as well, no privilege attaches. *See Grand Jury Subpoena,* 731 F.2d at 1037; *United States v. Cunningham,* 672 F.2d 1064, 1073 n. 8 (2d Cir.1982), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984); *United States v. Silverman,* 430 F.2d 106, 121 (2d Cir.1970), *cert. denied,* 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971).

▐ With respect to the Asset Plan, a different conclusion is compelled. The in-

teroffice communication discloses legal advice given to Marine by its counsel which appears to have been based on facts related to counsel. The document was not widely distributed, having been given only to the supervisory personnel in the Classified Loans Department and the supervisory personnel in the Commercial Banking Department, which originated the loan. This distribution list does not appear to include personnel who had no duties to perform respecting the loan. *Cf. In re Grand Jury Subpoenas*, 561 F.Supp. 1247, 1260 (E.D.N.Y.1982).[1] Nor was the Asset Plan maintained in general files available without restriction to bank officers or other personnel. *Cf. In re Horowitz*, 482 F.2d 72, 81 (2d Cir.), *cert. denied*, 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973). Accordingly, the privilege was not waived. *See United States v. Aluminum Company of America*, 193 F.Supp. 251, 253 (N.D.N.Y.1960).[2]

IT IS SO ORDERED.

1. The narrow control group test advocated by the Trustee was disavowed by the Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383, 397, 101 S.Ct. 677, 686, 66 L.Ed.2d 584 (1981).

2. There is no discussion in this case concerning the identity of the recipients of the memorandum relating the legal advice. To the extent that this case suggests that the advice may be communicated to any employee without waiver, the holding is too broad, in light of *Upjohn* and the more recent decisions in this Circuit.